IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL WALI SALEEM,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIE BONDS, et al.,<br><br>        Defendants. | Civil Action<br>No. 18-1159 (RBK)(KMW)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff Abdul Wali Saleem, is a prisoner confined at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. At this time, the Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons stated in this Opinion, the Court will permit the complaint to proceed in part.

## I.     BACKGROUND

The Court will construe the allegations of the complaint as true for the purpose of this Opinion. Plaintiff names the following individuals as Defendants: (1) Administrator Willie Bonds; (2) unknown officers(s)[1] of the South Wood State Prison mail room staff; and (3) an Islamic chaplain, Dr. Yusef.

---

[1] For the sake of brevity, and because a majority of the complaint sets forth allegations in the singular, the Court will also refer to these unknown officers in the singular, as "Unknown Officer."

According to the brief allegations in the complaint, at some point prior to August 26, 2016, Unknown Officer opened Plaintiff's incoming mail, which contained "pictures depicting homosexuals." (ECF No. 1, at 6). Unknown Officer then showed the pictures to, among other people, Defendant Yusef, an Islamic chaplain at the prison. On August 26, 2016, officers turned Plaintiff away from prayer services at the direction of Defendant Yusef.

Thereafter, Plaintiff wrote to the commissioner's office, the special investigation division, and the prison administrator, Defendant Bonds. Plaintiff does not elaborate on the contents of those writings, the results thereof, or whether anyone is still denying Plaintiff access to religious services.

Plaintiff now raises Fourth Amendment search and First Amendment free exercise claims against the Defendants, alleging that the opening of his mail violated the Fourth Amendment and that the refusal to allow him to join prayer service violated the First Amendment. The complaint only requests compensation for the past, not present, violation of his right to practice his religion. (ECF No. 1, at 5–7). As for injunctive relief, Plaintiff seeks the termination of Unknown Officer's employment and separate prayer services for Shiite Muslims.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994).

**A. Claims Against Unknown Officer**

Plaintiff argues that Unknown Officer violated Plaintiff's Fourth Amendment rights when he opened Plaintiff's mail. (ECF No. 1, at 4). The Supreme Court has held, however, that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Numerous courts, including from this District, have held that *Hudson* also applies to searches of a prisoner's incoming mail. *See, e.g.*, *Ali-X v. All the Employees of the Mail Room Staffs*, No. 12-3147, 2016 WL 5660459, at *4 (D.N.J. Sept. 28, 2016) (collecting cases); *Cooper v. Atl. Cty. Justice Facility*, No. 15-575, 2015 WL 1788951, at *8 (D.N.J. Apr. 20, 2015); *cf. Kinard v. Bakos*, 566 F. App'x 102, 104 (3d Cir. 2014) (applying *Hudson* to a search of legal mail within a prisoner's cell).

Stated differently, because Plaintiff had no reasonable expectation of privacy in his regular[3] mail, Unknown Officer could not have violated the Fourth Amendment when he opened and searched said mail. *E.g., Ali-X*, 2016 WL 5660459, at *4 (citing *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996)). Accordingly, the Court will dismiss with prejudice Plaintiff's claims against Unknown Officer.

## B. Claims against Defendant Yusef

Plaintiff next claims that Defendant Yusef, an Islamic chaplain at the prison, deprived him of the right to attend religious services. More specifically, Plaintiff contends that Defendant Yusef "informed the corrections officers to deny [Plaintiff] access to facility one's congregant area for Jumu'ah prayer services" because of the "pictures depicting homosexuals sent to [Plaintiff]." (ECF No. 1, at 5–6). The Court construes Plaintiff's allegations as raising a First Amendment right to free exercise claim.

Under the First Amendment, "[t]he Free Exercise Clause . . . prohibits prison officials from denying an inmate 'a reasonable opportunity of pursuing his faith.'" *McCray v. Passaic Cty. Jail*, No. 13-6975, 2013 WL 6199202, at *2 (D.N.J. Nov. 27, 2013) (citing *Cruz v. Beto*, 405 U.S. 319,

---

[3] Legal mail, unlike regular mail, is entitled to other protections, but often arise from constitutional amendments other than the Fourth Amendment. *See Kinard*, 566 F. App'x at 104.

322, 322 n.2 (1972)). In order to state such a claim, Plaintiff must raise sufficient allegations to show that the defendants' actions impinged on his constitutional rights and were not reasonably related to legitimate penological interests. *Williams v. Morton*, 343 F.3d 212, 216 (3d Cir. 2003). To make that determination, courts consider: (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives. *Turner v. Safley*, 482 U.S. 78, 89–90 (1983).

More fundamentally, however, there remains the issue of whether Defendant Yusef, in his capacity an Islamic chaplain at the prison, rendered him a "state actor" under § 1983. *See Piecknick*, 36 F.3d at 1255–56. If he is not a state actor, Plaintiff cannot maintain a § 1983 claim against Defendant Yusef.

The Third Circuit has not, however, determined "whether or when a prison chaplain may be considered a state actor." *See Cohen v. Wagner*, No. 13-674, 2014 WL 199909, at *9 (E.D. Pa. Jan. 16, 2014) (citing *Mestre v. Wagner,* No. 10-7141, 2012 WL 299626, at *7 (E.D. Pa. Feb.1, 2012). Other courts addressing this question have reach different conclusions. *Id*. *Compare Florer v. Congregation Pidyon Shevuyim*, 639 F.3d 916, 926–27 (9th Cir. 2011) (finding that "[c]haplains and religious leaders do not automatically become state actors when they provide opinions on matters of dogma in response to inquiries from prison officials"), *and Montano v. Hedgepeth*, 120 F.3d 844, 851 (8th Cir. 1997) ("a prison chaplain, even if a full-time state employee, is not a state actor when he engages in inherently ecclesiastical functions"), *with Stubbs v. DeRose,* No. 03–2362, 2007 WL 776789, at *5 (M.D. Pa. March 12, 2007) (applying a fact based analysis and

concluding that a full-time prison chaplain was a state actor where, "his day-to-day activities were supervised by [the warden and deputy warden at the prison] where he worked full time, maintained an office, and was permitted to be present in areas of the prison that would be off-limits to members of the public").

Without the benefit of briefing by the parties, the Court declines to rule on whether Defendant Yusef is a "state actor" under § 1983. That issue aside, Plaintiff alleges that Defendant Yusef deprived him of the right to attend religious services. While Plaintiff provides scant facts to support his argument, the Court finds that the allegations are sufficient to allow this claim to proceed at this time.

**C. Claims Against Defendant Bonds**

Next, Plaintiff appears to seek liability against Defendant Bonds in his supervisory capacity as administrator of South Woods State Prison. Plaintiff only contends that Defendant Bonds "did not ensure that [Plaintiff's] rights were not being violated," referring to the alleged actions of Defendants Officer and Yusef.

As a general rule, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978); *Robertson v. Sichel,* 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

Instead, there are ordinarily only two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or

custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

With those principles in mind, Plaintiff first argues that Defendant Bonds should be liable for failing to prevent Unknown Officer from opening Plaintiff's mail in violation of the Fourth Amendment. To the extent that Plaintiff seeks to hold Defendant Bonds liable solely on a theory of vicarious liability, the Court must dismiss that claim. State actors are liable only for their own unconstitutional conduct. *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). Additionally, as discussed above, Unknown Officer could not have violated the Fourth Amendment when he opened Plaintiff's mail. *Ali-X*, 2016 WL 5660459, at *4. Accordingly, without pleading an underlying violation of the Fourth Amendment, Plaintiff cannot hold Defendant Bonds liable for the actions of his subordinate.

Next, assuming that Defendant Yusef is a state actor and subordinate of Defendant Bonds, Plaintiff has failed to allege facts sufficient to support a supervisory liability claim. For example, Plaintiff fails to allege that Defendant Bonds established or maintained any policy that resulted in the denial of Plaintiff's religious services, or that he was aware of and condoned Defendant Yusef's actions.

Additionally, while "repeated written complaints to a supervisory defendant of an *ongoing* constitutional violation may be sufficient" to establish "knowledge and acquiescence," Plaintiff fails to articulate any ongoing violation. *Gibbs v. Univ. Corr. Healthcare*, No. 14-7138, 2016 WL

7

6595916, at *2 (D.N.J. Nov. 7, 2016)(emphasis in original); *see, e.g., Cardona v. Warden – MDC Facility*, No. 12-7161, 2013 WL 6446999, at *5 (D.N.J. Dec. 6, 2013) (holding that a plaintiff stated a valid claim against the warden because plaintiff alleged an ongoing constitutional violation and alleged that the warden was made aware).

Plaintiff only alleges that he emailed and "appealed vehemently" to Defendant Bonds but fails to state the contents of the appeal, the relief sought, or the results of said appeals. (ECF No. 1, at 5–6). "Courts are not required to credit such bald assertions" that "nothing was done in response to his grievance." *Wright v. Warden, Forest SCI*, 582 F. App'x 136, 137 (3d Cir. 2014). In any event, as discussed above, Plaintiff's language in the complaint refers only to a *past* denial of access to religious services, as opposed to any *ongoing* violation. Accordingly, the Court will dismiss all claims against Defendant Bonds without prejudice, for failure to state a claim.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's claims against Unknown Officer with prejudice, and Defendant Bonds without prejudice, for failure to state a claim upon which relief can be granted. The Court will permit Plaintiff's First Amendment claim against Defendant Yusef to proceed at this time. An appropriate Order follows.


Dated: January 29, 2019             s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                 United States District Judge