**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ABDUL WALI SALEEM,

        Plaintiff,

        v.

WILLIE BONDS, et al.,

        Defendants.

Civil Action
No. 18-1159 (RBK)(KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Before the Court is Defendant Dr. Yusef's motion to dismiss the Complaint. (ECF No. 16).

Defendant Yusef is the last remaining defendant in this matter. Plaintiff opposes the motion (ECF

No. 19), and Defendant did not file a reply. For the reasons stated in this Opinion, the Court will

deny the motion.

## I.     BACKGROUND

As the parties are intimately familiar with the facts of this case, and because the Court has

already set forth the background of this matter in its earlier Opinion (ECF No. 6), the Court will

only state those facts necessary to address the instant motion.

According to the brief allegations in the Complaint, at some point prior to August 26, 2016,

Unknown Officer opened Plaintiff's incoming mail, which contained "pictures depicting

homosexuals." (ECF No. 1, at 6). Unknown Officer then showed the pictures to, among other

people, the Defendant, an Islamic chaplain at the prison. On August 26, 2016, officers turned

Plaintiff away from prayer services at the direction of Defendant.

Thereafter, Plaintiff wrote to the commissioner's office, the special investigation division, and the prison administrator. Plaintiff does not elaborate on the contents of those writings, the results thereof, or whether anyone is still denying Plaintiff access to religious services.

Plaintiff filed the instant Complaint on or about January 29, 2018. The Court granted his *in forma pauperis* application and screened the Complaint pursuant to 28 U.S.C. § 1915. (ECF Nos. 5, 6). The Court permitted Plaintiff's First Amendment claim under 42 U.S.C. § 1983 to proceed against Defendant and dismissed Plaintiff's other claims. (ECF No. 6).

Defendant now moves to dismiss the claim against him. He argues that the Court should dismiss the Complaint because: (1) Plaintiff has failed to exhaust his administrative remedies; (2) the Court lacks subject matter jurisdiction; and (3) the Court should abstain from hearing this matter. (ECF No. 16).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify

allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This rule rests on the concern that considering documents outside the complaint would prejudice the plaintiff, who would lack notice to challenge them. *Id.*

## III.   DISCUSSION

### A. Exhaustion

Defendant argues that the Court should dismiss the Complaint for Plaintiff's failure to exhaust his administrative remedies. In particular, Defendant concludes that dismissal is appropriate because Plaintiff "fails to allege that he properly submitted an 'Inmate Grievance Form' in accordance with" the New Jersey Administrative Code. (ECF No. 16-1, at 11).

Pursuant to the Prison Litigation Reform Act ("PLRA") an incarcerated prisoner must exhaust all *available* administrative remedies with the prison before filing suit against its officers. *See, e.g.*, 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524 (2002). The Supreme Court has held, however, that "failure to exhaust is an affirmative defense under the PLRA, and that inmates *are not required to specially plead or demonstrate exhaustion* in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007) (emphasis added).

On a motion to dismiss, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery." *Flight Sys. v. Elec. Data Sys. Corp.,*

112 F.3d 124, 127 (3d Cir. 1997). Such a defect, however, must appear on the face of the pleading. *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018).

With those principles in mind, it is difficult to discern Defendant's logic[1] on exhaustion. Defendant appears to fault Plaintiff for "fail[ing] to *allege* that he properly submitted an 'Inmate Grievance Form' in accordance with" the New Jersey Administrative Code. (ECF No. 16-1, at 11 (emphasis added))).

Axiomatically, as an affirmative defense, and on a motion to dismiss, *it is the defendant's burden* to demonstrate that a plaintiff has failed to state claim. *Lupian*, 905 F.3d at 130. In contrast, Plaintiff did not have to "allege" *anything* on this issue on a motion to dismiss, as plaintiffs "are not required to . . . demonstrate exhaustion in their complaints." *E.g.*, *Jones,* 549 U.S. at 216; *West v. Emig*, No. 18-3806, 2019 WL 5061417, at *2 (3d Cir. Oct. 9, 2019); *Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; *it is not a pleading requirement* for the prisoner-plaintiff." (emphasis added)).

Short of a direct admission of one's failure to exhaust on the face of the complaint, it would be difficult to imagine a scenario in which a defendant could succeed on a motion to dismiss for failure to exhaust. *See, e.g.*, *Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019) (finding that a dismissal for "failure to exhaust *may* be warranted when a plaintiff expressly concedes that failure on the face of the complaint," (emphasis added)).

The instant Complaint bears no such concession, and as result, Defendant essentially asks the Court to make a factual finding on this issue. Not only is such an argument more appropriately set forth in a motion for summary judgment, but the Court cannot resolve factual disputes regarding

---

[1] It appears that Defendant has conflated exhaustion at the motion to dismiss stage with exhaustion at the summary judgment stage.

exhaustion without first providing the parties with a *Paladino* notice.  *Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018) (holding that district courts must provide parties with an additional notice and an opportunity to respond before deciding factual disputes regarding exhaustion on summary judgment).

Accordingly, as Defendant has failed to prove the affirmative defense of exhaustion, Defendant's motion to dismiss for failure to exhaust is denied.

## C. Remaining Arguments

Next, Defendant appears to list two other legal doctrines, conflates them with one another and the doctrine of exhaustion, and then concludes that they should apply to this case, with nearly no analysis.

First, Defendant argues that this Court lacks subject matter jurisdiction over the Complaint because the New Jersey Superior Court, Appellate Division, has exclusive jurisdiction to review the actions or inactions of a state administrative agency. (ECF No. 16-1).  Defendant asserts that New Jersey Court Rule 2:2-3(a)(2), which states that with limited exceptions, "appeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer," strips this Court of subject matter jurisdiction over Plaintiff's § 1983 claim.

This Court has repeatedly rejected that argument.  "Such an assertion ignores the tenets of federalism[] and is completely without merit." *Bagley v. Balicki*, No. 05-3990, 2006 WL 2805275, at *1 (D.N.J. Sept. 28, 2006); *see also e.g., Dubois v. Sweeney*, No. 18-3718, 2019 WL 2272789, at *2 (D.N.J. May 28, 2019); *Tillery v. Hayman*, No. 07-2662, 2008 WL 2668809, at *3 (D.N.J. June 30, 2008).

Plaintiff does not merely seek "review" of an administrative decision by challenging it as "arbitrary and capricious, unreasonable, or violative of expressed or implicit legislative policies."[2] *Wright v. Prudential Ins. Co. of Am.*, 285 F. Supp. 2d 515, 521 (D.N.J. 2003).

Instead, Plaintiff filed a claim under 42 U.S.C. § 1983, a federal law that creates a civil cause of action for persons who allegedly suffer "deprivations of rights, privileges, or immunities secured by the Constitution and laws" by persons acting "under the color of state law." 42 U.S.C. § 1983.  As discussed in the Court's earlier Opinion, Plaintiff has successfully pleaded a First Amendment free exercise claim under § 1983, against Defendant. (ECF No. 6).

The United States Constitution vests federal courts with the power to hear cases "arising under" the Federal Constitution and "Laws of the United States." U.S. Const. art. III, § 2.  Congress codified this power through 28 U.S.C. § 1331, which states that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

It is well established that this Court has federal question jurisdiction over § 1983 claims. *See, e.g.*, *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 897 (3d Cir. 1987) (holding that a district court had jurisdiction over a § 1983 claim under 28 U.S.C. § 1331's "general grant of federal question jurisdiction . . . so long as the plaintiff alleges that defendant's actions violate the requisite federal law").

Consequently, as Defendant's argument is plainly without merit, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. *See, e.g.*, *Dubois*, 2019 WL 2272789, at *2; *Tillery*, No. 07-2662, 2008 WL 2668809, at *3; *Bagley*, 2006 WL 2805275, at *1.

---

[2] Puzzlingly, by virtue of Defendant's own allegations, there is no decision to review.

Defendant's final argument fares no better. Defendant appears to argue that the Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). "Abstention under *Younger* is appropriate *only* if (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Duran v. Weeks*, 399 F. App'x 756, 758 (3d Cir. 2010) (emphasis added) (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

Defendant fails to directly mention these elements and only offers, perhaps incidentally, a conclusory analysis as to the first and third prong. (ECF No. 16-1, at 13–14). As to the first prong, by virtue of his other allegations, appears to concede that there are no "ongoing state proceedings" at this time. (*Id.* at 10–14). Defendant then, among other cases, quotes *W.K., Jr. by W.K. v. New Jersey Div. of Developmental Disabilities*, 974 F. Supp. 791, 795 (D.N.J. 1997), which states that *Younger* does not always demand "a currently pending state proceeding" and that "it is sufficient that the federal plaintiff has an adequate opportunity to resolve the federal issue in a state proceeding." (*Id.* at 14 (referring additionally to *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790 (3d Cir. 1994)).

What Defendant ignores from his case law, however, are the underlying agency decisions and state court judgments. (*Id.* at 14–15); *see generally O'Neill*, 32 F.3d at 790 (addressing the situation in which "the adjudicatory process has become final as a result of the federal claimant's failure to pursue state-court judicial review of an unfavorable state administrative determination"); *W.K., Jr. by W.K.*, 974 F. Supp. at 795 ("assuming that [the agency's] decision is final, plaintiffs have such an opportunity"). Defendant has not demonstrated[3] that the Department of Corrections

---

[3] Nor would it be appropriate to consider evidence of such a decision, outside of the Complaint, on a motion to dismiss.

("DOC") issued a decision in this matter, and the Complaint speaks only as to the actions of Defendant, not to the decisions of the jail administrator or the DOC. Nor does Defendant offer any support for the proposition, that the reasoning in *O'Neill* should extend to an ordinary employee's decisions, merely because of the *possibility* of an agency decision. (ECF No. 16-1, at 14–15).

As to the third prong, Defendant summarily concludes that Plaintiff has an "adequate opportunity to resolve the federal issue in a state proceeding." (*Id*. at 15). Defendant makes no attempt to explain how these administrative proceedings are adequate to raise federal claims. Liberally construing the Complaint, this case involves a § 1983 action that seeks damages[4] and injunctive relief, "that are not available in the state administrative proceeding." *See, e.g.*, *Prevost v. Twp. of Hazlet*, 159 F. App'x 396, 398 (3d Cir. 2005) (holding that *Younger* abstention was inappropriate, under the third prong, because the § 1983 action sought punitive, compensatory, and injunctive relief, that were unavailable in the administrative proceeding). Accordingly, as Defendant has failed to show that the first and third prongs warrant abstention, the Court declines to dismiss this matter under *Younger*.

Ultimately, the Court is troubled by Defendant's drafting in the instant motion, and its apparent use of case law language, taken out of context, to serve Defendant's purpose. If Defendant undertook any inquiry to determine whether these contentions have merit, such efforts are well concealed from this Court. It is the Court's hope that counsel will note these observations and ensure that future filings are prepared with a greater level of accuracy and candor.

---

[4] Although a prisoner cannot pursue compensatory damages on a free exercise claim for purely emotional or mental injuries, prisoners may pursue nominal and punitive damages. *Allah v. Al-Hafeez*, 226 F.3d 247, 251–53 (3d Cir. 2000).

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny Defendant's motion to dismiss.   An appropriate Order follows.

Dated: January  8,  2020                                          s/Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge